**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,** by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers 620 F Street, N.W. Washington, D.C. 20004,<br><br>        **Plaintiff,**<br><br>   v.<br><br>**URBAN CONTRACTORS OF CT, LLC** 410 River Street Windsor, Connecticut 06095<br><br>  Serve: Agent<br>     Elmar Shakir<br>     3080 Main Street<br>     Hartford, Connecticut 06120<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND OTHER
AMOUNTS DUE TO EMPLOYEE BENEFIT FUND)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).  The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The International Pension

Fund is administered at 620 F Street, N.W., in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Defendant Urban Contractors of CT, LLC is a Connecticut limited liability company located at 410 River Street, in Windsor, Connecticut 06095, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for other appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Urban Contractors of CT, LLC has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 65 Connecticut ("Collective Bargaining Agreements"), that govern

the wages, benefits and terms and conditions of employment of employees performing work for Defendant.

7. Pursuant to the Collective Bargaining Agreements, Defendant agreed to pay certain sums of money to Plaintiff for all hours of work it performed covered by the Collective Bargaining Agreements.

8. During the months of October 2018 through the present, Defendant performed work covered by the Collective Bargaining Agreements.

9. During the months of October 2018 through April 2019, Defendant has reported but failed to pay all amounts owing to Plaintiff for work performed in Local 65 CT, cover group 1, as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10. During the months of October 2018 through March 2019, Defendant has reported but failed to pay all amounts owing to Plaintiff for work performed in Local 65 CT, cover group 3, as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

11. During the months of May 2019 through the present, Defendant has failed to report and pay all amounts owing to the Plaintiff for work performed in Local 65 CT, cover group 1, as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

12. During the months of April 2019 through the present, Defendant has failed to report and pay all amounts owing to the Plaintiff for work performed in Local 65 CT, cover group 3, as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

13. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

14. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

15. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

16. Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT I

### (REPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

17. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth in this Count I.

18. During the months of October 2018 through April 2019, Defendant reported, but failed to pay, contributions owing to the Plaintiff for work it performed within Local 65 CT, cover group 1, which is covered by the Collective Bargaining Agreements, in the amount of $31,679.02. In addition, Defendant has failed to pay interest owed on these amounts at the rate of 15% per annum from the date due of each monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

19. During the months of October 2018 through March 2019, Defendant reported, but failed to pay, contributions owing to the Plaintiff for work it performed within Local 65 CT, cover group 3, which is covered by the Collective Bargaining Agreements, in the amount of $12,821.03. In addition, Defendant has failed to pay interest owed on these amounts at the rate of 15% per annum from the date due of each monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

20. By virtue of the failure to pay all amounts as contractually required, Defendant is in contravention of the Collective Bargaining Agreements and the obligations under Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central

Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

21. Plaintiff is entitled to judgment against Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## COUNT II

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

22. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth in this Count II.

23. During the months of May 2019 through the present, Defendant has failed to report and pay all contributions owing to the Plaintiff for covered work it performed within Local 65 CT, cover group 1, which is covered by the Collective Bargaining Agreements.

24. During the months of April 2019 through the present, Defendant has failed to report and pay all contributions owing to the Plaintiff for covered work it performed within Local 65 CT, cover group 3, which is covered by the Collective Bargaining Agreements.

25. Because Defendant has failed to comply with its duty to submit monthly hour remittance reports, Plaintiff has been required to estimate the amount of contributions due by Defendant for covered work performed to date.

26. The most recent 12 months for which Defendant reported hours to the Plaintiff for covered work performed in Local 65 CT, cover group 1, was May 2018 through April 2019.

27. During these 12 months, Defendant reported a total of 2,448.50 hours, or an average of 204.04 hours per month for covered work performed in Local 65 CT, cover group 1.

28. The applicable total contribution rate payable to Plaintiff for work performed in Local 65 CT, cover group 1, during the period of May 2019 through July 2019 was $14.47 per hour.

29. Defendant therefore owes estimated monthly contributions of $2,952.46 per month during each month from May 2019 through July 2019. Defendant therefore owes Plaintiff $8,857.38 ($2,952.46 x 3 months) in estimated contributions for covered work performed during May 2019 through July 2019 within Local 65 CT, cover group 1.

30. The most recent 12 months for which Defendant reported hours to Plaintiff for covered work performed in Local 65 CT, cover group 3, was April 2018 through March 2019.

31. During these 12 months, Defendant reported a total of 1,610.50 hours, or an average of 134.20 hours per month for covered work performed in Local 65 CT, cover group 3.

32. The applicable total contribution rate payable to Plaintiff for work performed in Local 65 CT, cover group 3, during the period of April 2019 through July 2019 was $10.75 per hour.

33. Defendant therefore owes estimated monthly contributions of $1,442.65 per month during each month from April 2019 through July 2019. Defendant therefore owes Plaintiff $5,770.60 ($1,442.65 x 4 months) in estimated contributions for covered work performed during April 2019 through July 2019 within Local 65 CT, cover group 3.

34. Under the Collection Procedures and ERISA, Defendant also owes interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount

equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed.

35. By virtue of the failure to pay all amounts as contractually required, Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

36. Plaintiff is entitled to judgment against Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

**WHEREFORE,** Plaintiff prays judgment on Counts I and II as follows:

A. For unpaid contributions due and owing to Plaintiff for work performed within Local 65 CT, cover group 1, during the months of October 2018 through April 2019, in the amount of $31,679.02, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

B. For unpaid contributions due and owing to Plaintiff for work performed within Local 65 CT, cover group 3, during the months of October 2018 through March 2019, in the amount of $12,821.03, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

C. For estimated unpaid contributions due and owing to Plaintiff for work performed within Local 65 CT, cover group 1, during the months of May 2019 through July 2019, in the amount of $8,857.38, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

D. For estimated unpaid contributions due and owing to Plaintiff for work performed within Local 65 CT, cover group 3, during the months of April 2019 through July 2019, in the amount of $5,770.60, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the

date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

E. For costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

F. For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

G. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 6, 2019

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By: /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 6th day of September 2019, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for Plan Benefits Security

>>/s/    Charles W. Gilligan
>>     Charles W. Gilligan